**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**CHERYL ARLOTT, individually and on**
**behalf of a class of all other persons similarly**
**situated; SUE ANN KOLARIK, individually**
**and on behalf of a class of all other persons**
**similarly situated and SHERRY LANDRIAULT,**
**individually and on behalf of a class of all other**
**persons similarly situated**                                                      **PLAINTIFFS**

**VS.**                                                                 **CIVIL ACTION NO. 3:06CV303BA**

**ROBERT C. ARLEDGE; MICHAEL T.**
**GALLAGHER, GALLAGHER, YOUNG,**
**LEWIS, HAMPTON & DOWNEY, L.L.P;**
**RICHARD SCHWARTZ and SCHWARTZ**
**AND ASSOCIATES, P.A.**                                                              **DEFENDANTS**

## ORDER

This matter came before the court on the Defendant's Michael T. Gallagher and Gallagher Law Firm, L.L.P.'s Motion to Quash or, in the Alternative, Motion for Protective Order, by which they seek an Order preventing the production of records sought by a subpoena issued by the Plaintiffs to Wyeth Corporation, a non-party. The Motion is not accompanied by the Certificate of Good Faith required by Unif. Local R. 37.1(A), and, had the court noted that deficiency earlier, the Motion would have been denied on that ground, alone. Since it was not noted, the court will address the merits of the Motion.

An initial question raised by the Plaintiffs is whether these Defendants have standing to oppose the subpoena issued to third parties. The authority for a motion to quash a subpoena comes from Fed. R. Civ. P. 45(c), which is entitled "Protection of Persons Subject to Subpoenas." This title would indicate that only the person subject to a subpoena has the authority to seek an order

quashing it.  Indeed, the Fifth Circuit has held that a party does not have standing to raise "the issue of [a non-party's] amenability to the compulsory process of the district court since they are not in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed."  *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Garrett v. Blanton*, No. 89-4367, 1993 WL 262697, at *5, (E.D. La. July 6, 1993).

Here, the Defendants do not assert a personal right or privilege with regard to the subpoenaed information. Instead, they claim undue burden and confidentiality.  The burden of production is not a matter personal to the Defendants, and "confidentiality" of the production does not amount to a privilege.  Therefore, the court will treat the Motion as seeking a protective order.  Fed. R. Civ. P. 26(c) permits a motion for a protective order to be brought "by a party or by the person from whom discovery is sought . . .for good cause shown . . . ."  A motion for a protective order in this circumstance does not seek to vindicate a non-party's right to resist the compulsory process of the court, but to vindicate the rights of a party with respect to the discovery process.

Here, the Defendants argue that the discovery sought is outside the scope of the court's October 31, 2006, Order limiting discovery to that supporting the arguments on class certification. The court finds that this is a valid argument, as it goes to the issue of the scope of discovery that the parties can undertake at this stage of the litigation.  In reviewing the Plaintiffs' response to the Motion, they make only one argument related to that issue, in connection with Request No. 1 – "All documents evidencing any meeting with any of the following attorneys or their respective law firms: Robert C. Arledge, Michael T. Gallagher, Richard Schwartz or Joseph E. Roberts, Jr."  In support of that request, the Plaintiffs state that these documents "are relevant to Plaintiffs' claims and the status of the putative class."  Finding that these documents could support the Plaintiffs' claims with

regard to class certification, the court will quash the subpoena with respect to all requests except this one.

In making this ruling, however, the court is mindful that records may be produced in this matter that relate to other parties whose claims are not before the court. In particular, the court is concerned that medical or other personal information regarding plaintiffs involved in the underlying litigation may be produced at some point during this litigation. To the extent that the documents ordered to be produced here contain information regarding such plaintiffs, other than their names, that information should be redacted from the production.

IT IS, THEREFORE, ORDERED, that the Defendant's Michael T. Gallagher and Gallagher Law Firm, L.L.P.'s Motion to Quash or, in the Alternative, Motion for Protective Order is hereby **granted** in part and **denied** in part, as explained above.

IT IS SO ORDERED, this the 2nd day of March, 2007.

S/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE