```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


CHERLY ARLOTT, et al.                                    PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:06-cv-303-WHB-LRA

ROBERT C. ARLEDGE, et al.
                                                         DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants Michael T. Gallagher and the law firm of Gallagher, Young, Lewis, Hampton & Downey, L.L.P., to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, to Compel Arbitration. Defendants Robert C. Arledge, Richard Schwartz, and Richard Schwartz and Associates, P.A., have joined in the subject Motion. The Court has considered the Motion, Response, Rebuttal, as well as supporting and opposing authorities, and finds that neither the Motion to Dismiss nor the Motion to Compel Arbitration is well taken and both should be denied.

Also before the Court is the Motion of Plaintiffs for Leave to File Second Amended and Supplemental Class Action Complaint. The Court has considered the Motion and proposed Second Amended and Supplemental Class Action Complaint attached thereto and finds that the Motion should be denied, without prejudice, as submitted thereby allowing Plaintiffs to file a successive motion to amend in accordance with this Opinion and Order if they so chose.

## I.  Factual Background and Procedural History

Plaintiffs allege that in 1997, the United States Food and Drug Administration issued a warning regarding a link between the use of certain prescription diet medications including fenfluramine, dexfenfluramine, phentermine, Redux, and/or Pondimin and the development of coronary valve disease.  Thereafter, each plaintiff, having allegedly been treated with one or more of these medications, retained legal counsel to represent her in possible claims against Wyeth (f/k/a American Health Products), the manufacturer of these medications.  According to Plaintiffs, Defendants filed a lawsuit styled <u>Trina Washington v. American Home Products</u>, in the Circuit Court of Jefferson County, Mississippi, on behalf of five individuals who had been prescribed one or more of the subject medications.  On December 21, 1999, the parties to that lawsuit announced they had reached an agreement whereby the claims of the five <u>Washington</u> plaintiffs as well as the claims of a group of other individuals with similar causes of actions, including Plaintiffs Gloria Middleton, Beverly K. Rushing, and Retha Sneed, were settled ("Fen-Phen I Settlement").  The Fen-Phen I Settlement was referred to a Special Master who, on April 25, 2000, recommended the establishment of a Qualified Settlement Fund under which an appointed Fund Administrator would determine the amount of compensation to be paid to each claimant.  The Circuit Court of

Jefferson County approved the recommendations of the Special Master on May 23, 2000.

At some point, American Home Products also agreed to settle a lawsuit styled <u>Mary Helen Danzler v. American Home Products</u>, which had been filed in the Circuit Court of Jasper County, Mississippi ("Fen-Phen II Settlement").  The Fen-Phen II Settlement was administered in a proceeding styled <u>In the Matter of the Disbursement of Funds in the Fen-Phen Litigation</u>, which was filed in the Chancery Court of the First Judicial District of Hinds County, Mississippi.  As in <u>Washington</u>, the Fen-Phen II Settlement was referred to a Special Master who, on December 20, 2000, again recommended the establishment of a Qualified Settlement Fund.  On December 21, 2000, Chancellor Stuart Robinson approved the creation of a Qualified Settlement Fund and appointed a Claims Administrator who was to, *inter alia*, develop a claim administration system for the purpose of determining the amount of compensation to be paid to each claimant.  The claims of Plaintiffs Cheryl Arlott, Sue Ann Kolarick, and Sherry Landriault were settled as part of the Fen-Phen II Settlement.

On June 5, 2006, Plaintiffs Cheryl Arlott, Sue Ann Kolarick, and Sherry Landriault, filed a Class Action Complaint in this Court seeking to certify a class of:

> All persons who settled legitimate diet drug cases through either of the Diet Drug Qualified Settlement Funds established and administered under the authority of the Circuit Court of Jefferson County, Mississippi via case number 99-0035 and styled <u>Trina Washington, et al v.</u>

3

>American Home Products, et al. [or] in the Chancery Court of the First Judicial District of Hinds County, Mississippi, In the Matter of the Disbursement of Funds [in] the Fen-Phen Litigation, Cause No. G2000-2279.

Complaint, ¶ 18.  Plaintiffs allege that Defendants committed multiple "wrongful acts ... while providing legal representation to [them] and other members of the Class in the settlements referred to as Fen-Phen I and Fen-Phen II" including:  (1) failing to assess individual claims, (2) giving improper and incomplete advice to claimants to obtain their acceptance of the Settlements, (3) charging unconscionable attorneys' fees, (4) improperly submitting invalid claims to the Fund/Claims Administrator, (5) failing to establish policies to prevent or significantly diminish the probability that fraudulent claims would be made, and (6) failing to detect fraudulent claims that were made.  Id. at ¶¶ 13, 14.  Based on these allegations, Plaintiffs allege claims of negligence and malpractice, breach of fiduciary duties, and unjust enrichment against Defendants and seek as damages "forfeiture of all attorneys' fees ... and reimbursed costs" received by them through the Fen-Phen I and Fen-Phen II Settlements.  Id. at ¶¶ 12, 13, 14 & 16.  On November 29, 2006, with leave of the Court, Plaintiffs filed their First Amended and Supplemental Class Action Complaint naming Gloria Middleton, Beverly K. Rushing, and Retha Sneed as additional plaintiffs, naming the law firm of Schwartz and Associates, P.A., as an additional defendant, and alleging additional acts of misconduct in support of their state law claims.

4

Defendants now seek dismissal of the above referenced case arguing that the Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine. In the alternative, Defendants seek to compel arbitration of the claims of plaintiffs Sue Ann Kolarik and Sherry Landriault. In addition to responding to Defendants' Motions, Plaintiffs have filed a Motion for Leave to file a Second Amended and Supplemental Class Action Complaint in this case.

## II.  Legal Analysis

**A.  Motion to Dismiss**

Defendants move to dismiss the subject lawsuit under the Rooker-Feldman doctrine. Under this doctrine, which derives its name from the United States Supreme Court cases of Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), inferior federal courts are barred from exercising appellate review over state court decisions. See In re Erlewine, 349 F.3d 205, 209 (5th Cir. 2003). Federal district courts are likewise barred from exercising subject matter jurisdiction over cases in which the "issues raised in federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state court decision.'" Davis v. Bayless, 70 F.3d 367, 375-76 (5th Cir. 1995) (citing United States v. Shepard, 23 F.3d 923, 924 (5th Cir. 1994)). As explained by the United States Court of Appeals for the Fifth Circuit:

5

> The Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

Union Planters Bank Nat'l Assn. v. Salih, 369 F.3d 457, 462 (5th Cir. 2004) (alterations in original) (citations omitted).

In the case *sub judice*, Plaintiffs are neither challenging the Orders entered by the state courts pertaining to the Fen-Phen I or Fen-Phen II Settlements nor requesting that this Court "review, modify, or nullify" any state court judgment.[1] Instead, Plaintiffs' claims of negligence/malpractice and breach of fiduciary duties challenge the actions taken, or failed to be taken, by Defendants (not the state courts) relating to the Fen-Phen I and Fen-Phen II Settlements. The Court finds that as adjudication of Plaintiffs' current state law claims would not require review, modification, or nullification of the underlying

---

[1] Likewise, and contrary to Defendants' assertions, the Court is not being asked to modify or amend any policy or procedure adopted by the Fund/Claim Administrator regarding the manner in which claimants were compensated for their pharmaceutical liability claims or the manner in which attorneys' fees and costs were allocated. The Court is also not being asked to (1) review or vacate any allegedly fraudulent claim that was submitted in the Fen-Phen I or Fen-Phen II Settlements, (2) increase the award of compensation paid on any underlying personal injury claim, or (3) vacate the attorneys' fees and costs that were awarded as part of Settlements.

state court judgments, the Rooker-Feldman doctrine does not bar these claims.

Additionally, the Fifth Circuit has recognized "that the Rooker-Feldman doctrine only applies insofar as a state court judgment merits full faith and credit." Richard v. Hoecrest Celanese Chem. Group, Inc., 355 F.3d 345, 350 (5th Cir. 2003) (citing Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373 (1996) (finding that a federal court must give preclusive effect to a state court judgment only to the extent that the law of the state would give preclusive effect to the judgment)); In re Erlewine, 349 F.3d at 209-210 (finding that "the Rooker-Feldman bar generally should not extend to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel."). Under Mississippi law, a final judgment in one lawsuit would not bar a litigant thereto from filing a second lawsuit alleging legal malpractice against his or her attorney in the earlier proceeding. See Byrd v. Bowie, 933 So. 2d 899 (Miss. 2006); Keszenheimer v. Boyd, 897 So. 2d 190 (Miss Ct. App. 2004). Accordingly, the Court finds that Plaintiffs' state law claims, which are predicated on allegations that Defendants failed to provide proper legal services, are not barred by the Rooker-Feldman doctrine. See Davis, 70 F.3d at 376 ("[O]ur Circuit has not allowed the Rooker-Feldman doctrine to bar an action in federal court when that same action would be allowed in the state court of the rendering state."). Finally, the Court finds that because

7

Defendants were not parties in the underlying state court proceedings, the claims alleged against them in this case are not barred by the Rooker-Feldman doctrine.  See In re Erlewine, 349 F.3d at 210 (finding that the Rooker-Feldman doctrine did not apply in a case in which the party bringing the federal court action was not a party to the underlying state court proceeding) (citing Johnson v. DeGrandy, 512 U.S. 997, 1006 (1994) (refusing to apply the Rooker-Feldman doctrine against a litigant who was not a party to the prior state action)).

For these reasons, the Court finds that Plaintiffs are not precluded from litigating their present claims under the Rooker-Feldman doctrine and, therefore, that Defendants' Motion to Dismiss should be denied.

**B.  Motion to Compel Arbitration**

Defendants seek to compel arbitration as to the claims of Sue Ann Kolarik ("Kolarik") and Sherry Landriault ("Landriault") in accordance with the arbitration provision contained in the Contract to Hire Attorney ("Contract") entered by each of these plaintiffs. These Contracts provide, in relevant part:

> [C]lient, whether one or more, hereby appoints and employs MARGARET C. LOMBARDO and MICHAEL A. POHL, ATTORNEYS, ... to prosecute and collect a certain claim against the:
>
> manufacturer, distributor and health care provider arising for the use of Fen/Phen, Redux, Pondim and/or related diet drugs or remedies

8

> and any other parties legally responsible for damage from the use thereof, and said attorneys are authorized to sue on said claim, to prosecute same to judgment, and negotiate settlement thereof, but it is distinctly understood that no settlement shall be made by the attorney without the client's approval, and the client hereby agrees to make no settlement nor offer the settlement without the consent of the attorney ...
>
> ....
>
> Client agrees that affiliated Counsel may be employed at the discretion of Counsel and that any attorney so employed may be designated to appear on client's behalf and undertake their representation in this matter. The client further authorizes Counsel to deduct and pay medical expenses of this claim from their recovery directly to the person or firms to whom the expenses are due.
>
> ....
>
> Any dispute relating to interpretation, enforcement or alleged breach of this agreement shall be submitted to binding arbitration in Houston, Texas, under the auspices of the Dispute Resolution Center in Houston, Texas. Judgment on any arbitration award may be entered by any court of competent jurisdiction. This includes an[y] derivative claims, inclusive of legal negligence, fraud, duress, misappropriation of funds, or any other claims against MARGARET C. LOMBARDO, ATTORNEY, arising out of the legal services made the basis of this contract.

Mot. to Dismiss or, in the alternative, to Compel Arbitration, Exs. J & K.  In response, Kolarik and Landriault argue that Defendants are not entitled to compel arbitration because they are not signatories to the Contracts.

Courts in this Circuit recognize that a non-signatory may enforce an arbitration agreement against a signatory to such agreement in cases in which: "(1) ... the signatory to a written agreement containing an arbitration clause must rely on the terms

9

of the written agreement in asserting its claims against a non-signatory; or (2) ... the signatory raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the contract." Brown v. Pacific Life Ins. Co., 462 F.3d 384, 398 (5th Cir. 2006) (citing Grigson v. Creative Artists Agency, L.L.C., 220 F.3d 524, 527 (5th Cir. 2000)).[2]  Thus, with regard to the first category of cases: "When each of a signatory's claims against a non-signatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate." Grigson, 210 F.3d at 527 (quoting MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942 (11th Cir. 1999)).  Compelling arbitration in such cases is predicated on the rationale "that equity does not allow a party to 'seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory.'" Brown, 462 F.3d at 398 (quoting Grigson, 210 F.3d at 528 and Washington Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 263 (5th Cir. 2004) (finding that a plaintiff should not be able to claim the benefit of a contract and simultaneously avoid its burdens)).

---

[2]  As there are no allegations of "concerted misconduct" between the non-signatory Defendants and the signatory attorneys, the Court finds that the second equitable basis for compelling arbitration under Grigson is not applicable in this case.

In the present case, it is undisputed that Plaintiffs' state law claims, which include breach of fiduciary duty and malpractice, are predicated on the existence of an attorney/client relationship with Defendants. <u>See</u> Complaint, ¶ 11 ("This civil action arises as a result of wrongful acts committed by Defendants while providing legal representation to Plaintiffs ... in [the Fen-Phen I and Fen-Pehn II Settlements]."). Defendants allege that they provided representation to Kolarik and Landriault pursuant to the subject Contracts.[3] Defendants, however, have not presented any evidence in support of this allegation. As there is no evidence that Defendants were hired or otherwise employed in accordance with the terms of the Contracts, the Court finds no basis for concluding that Plaintiffs must rely on the terms of those Contracts to establish the existence of the attorney/client relationship which underlies their negligence, malpractice, and breach of fiduciary duty claims. Without such evidence, the Court cannot find that Plaintiffs must rely on the terms of the Contracts when asserting their state law claims against Defendants. Accordingly, the Court finds that Defendants, as non-signatories, may not enforce the

---

[3] <u>See</u> Contracts attached as Exhibits J & K to Defendants' Motion to Dismiss or, in the alternative, to Compel Arbitration, which provides, in relevant part:
>   Client agrees that affiliated Counsel may be employed at the discretion of Counsel and that any attorney so employed may be designated to appear on client's behalf and undertake their representation in this matter.

11

arbitration provision contained in the subject Contracts signed by Kolarik and Landriault.

## C.  Motion for Leave to File Second Amended and Supplemental Class Action Complaint

Plaintiffs have moved for leave to amend and supplement their class action complaint.  In support of their Motion, Plaintiffs have attached a document labeled "Second Amended and Supplemental Class Action Complaint".  The Court finds that the document is not a true "amended complaint" but merely a list of proposed changes to the prior complaints filed in this case.  The Court is not inclined to allow this type of pleading practice as it requires the Court and counsel to review and compare multiple documents when attempting to identify the parties to the lawsuit, the factual allegations underlying the substantive causes of action, the various claims for relief, and the defenses to those claims.  This piece-meal pleading practice not only burdens the Court and the parties by requiring them to expend valuable time and resources to review multiple documents, but also raises significant concerns that allegations, claims and/or defenses may be inadvertently overlooked.  Accordingly, the Court finds that Plaintiffs' Motion for Leave to File Second Amended and Supplemental Class Action Complaint should presently be denied without prejudice.  In the event Plaintiffs decide to re-file this motion, they are instructed to attach a proposed Second Amended and Supplemental Class Action

Complaint that contains in one pleading all of the facts, allegations, and claims they seek to raise, and which otherwise fully complies with the Federal Rules of Civil Procedure.

For the forgoing reasons:

IT IS THEREFORE ORDERED that the Joinder of Defendant Robert C. Arledge to join in the Motion of Defendants Michael T. Gallagher and the law firm of Gallagher, Young, Lewis, Hampton & Downey, L.L.P., to Dismiss, which has been docketed as a Motion for Joinder [Docket No. 85] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendants Michael T. Gallagher and the law firm of Gallagher, Young, Lewis, Hampton & Downey, L.L.P., to which Defendants Robert C. Arledge, Richard Schwartz, and Richard Schwartz and Associates, P.A., have joined to Dismiss [Docket No. 60] is hereby denied, and the alternative Motion to Compel Arbitration is hereby denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File a Second Amended and Supplemental Class Action Complaint [Docket No. 107] is hereby denied, without prejudice.

SO ORDERED this the 7th day of August, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE